UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E.F., by and through her Guardian ad Litem, JOSEPH F. ETTIENNE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DELANO JOINT UNION HIGH SCHOOL DISTRICT; ROSALINA RIVERA; ANNA PERIGO; RENE AYON; MARKE RODRIGUEZ; JUAN BRITO; JEAN FLORES; JAMES HAY; and DOES 1-100, inclusive,**<br><br>**Defendants.** | 1:16-cv-01166-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 13, 15, 20, 21)** |

## I. INTRODUCTION

Plaintiff E.F., a minor female, files this action through her Guardian ad Litem, Joseph F. Ettiene against Defendants Delano Joint Unified High School District ("DJUHSD"), DJUHSD Superintendent Rosalina Rivera ("Rivera"), DJUHSD Assistant Superintendent James Hay ("Hay"), DJUHSD Board member Anna Perigo ("Anna Perigo"), Rene Ayon ("Ayon"), Delano High School Assistant Principal Marke Rodriguez ("Rodriguez"), Delano High School Student Affairs Specialist Juan Brito ("Brito"), DJUHSD Board member Jean Flores ("Flores"), and Does 1-100. This action arises out of an inappropriate sexual relationship between Plaintiff, a minor, and Bobby Scott Campos Perigo ("Bobby Perigo"), an adult employee at Plaintiff's high school. Bobby Perigo is not a defendant in this lawsuit.

Plaintiff alleges violations of Title IX of Education Amendments Act of 1972 ("Title IX"), Title IX and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, and various state law claims. Plaintiff further alleges that Defendants engaged in a civil conspiracy to deprive of her of her constitutional and

1

statutory rights under 42 U.S.C. § 1983. Now before the Court are four Motions to Dismiss brought on behalf of five Defendants: DJUHSD (ECF No. 13), Ayon (ECF No. 13), Rodriguez (ECF No. 15), Flores (ECF No. 20), and Hay (ECF No. 21). This matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

## II. BACKGROUND

### A. Factual Allegations

During the relevant time period, Plaintiff was a minor female and a student enrolled at Delano High School, a school within the DJUHSD. (Complaint ("Compl.") ¶ 4, ECF No. 2.) During the relevant period, Bobby Perigo was employed by DJUHSD as a Student Affairs Specialist at Delano High School, "which put him in close proximity with minor female students." (*Id.* ¶ 6.) He had a history of "sexually inappropriate behavior towards minor females, including—by his admission to law enforcement in 2009—inappropriate communication and physical contact with at least two female minor students of [DJUHSD] prior to his employment at Delano High School." (*Id.*)

Plaintiff alleges that Defendants "negligently and unreasonably, or deliberately indifferently [sic], hired, screened, controlled, supervised, counseled, monitored, disciplined, retained, failed to supervise, warn and/or take adequate precautions in connection with" Bobby Perigo who was "a known sexual predator." (*Id.* ¶¶ 18, 21.) In doing so, Defendants "fostered a culture in which sexual harassment and abuse [were] condoned and ratified." (*Id.* ¶ 18.) Defendants "became aware, had actual notice, knew, or reasonably should have known" that Bobby Perigo was "offensive, vulgar, obscene, inappropriate, lewd, lascivious, and/or likely to commit a sexual assault, molest, offensively touch a minor female student, have unlawful sexual intercourse with a minor female student, perform unlawful digital penetration on a student, and/or perform unlawful oral sex on minor female students." (*Id.* ¶ 20.)

With respect to individual Defendants, the Complaint specifically alleges that (1) Defendant Rodriguez maintained an office close to Bobby Perigo's work area and witnessed him engaging in harassing and abusive behavior towards minor female students (*Id.* ¶ 25), and (2) Defendant Anna

2

Perigo is Bobby Campos's mother and had notice of his past sexual contact with minor female students of DJUHSD as of 2009 (*Id.* ¶ 9).

As a result of Defendants' collective conduct, beginning on January 2, 2016, Bobby Perigo "sexually harassed and inappropriately communicated with Plaintiff . . . to groom her for sexual abuse." (*Id.* ¶ 26.) "Defendants' deliberate indifference, negligence, and otherwise wrongful conduct, culminated in repeated acts of sexual abuse and molestation of Plaintiff." (*Id.*) Plaintiff suffered various emotional and physical damages as a result of the alleged abuse. (*Id.* ¶ 27.) Defendants had a mandatory duty to report Bobby Perigo's conduct to a qualified agency under California Penal Code § 11166. (*Id.* ¶ 14.)

**B.     Procedural Background**

Plaintiff filed the original complaint on June 15, 2016 in the Superior Court of California, County of Kern. On August 8, 2016, with the consent of the other Defendants, Defendant Flores filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and the case was removed to this Court. (ECF No. 2.) Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's federal law claims, and this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this Court.

On August 29, 2016, five Defendants (DJUHSD, Ayon, Rodriguez, Flores, and Hay) filed motions to dismiss all or some of the claims in the Complaint. (ECF Nos. 13, 15, 20, 21.) The Complaint sets forth a cause of action against DJUHSD for failure to prevent teacher-on-student sexual harassment in violation of Title IX (first cause of action), (ECF No. 2.), as well as the following six causes of action against all eight Defendants: (1) violation of the Equal Protection Clause of the Fourteenth Amendment and Title IX pursuant to 42 U.S.C. § 1983 (second cause of action); (2) violation of the Unruh Civil Rights Act pursuant to California Civil Code § 51 and/or § 51.5 (third cause of action); (3) sexual harassment pursuant to California Civil Code § 51.9 (fourth cause of action); 4) breach of mandatory duty pursuant to California Government Code § 815.6 (fifth cause of action); (5) negligence pursuant to California Government Code §§ 815.2, 815.6, and 820 (sixth cause of action); and (6) civil conspiracy

pursuant to 42 U.S.C. §§ 1983, 1988 and California Code of Civil Procedure § 377.30 (seventh cause of action). Plaintiff seeks damages of not less than $25,000.

Defendants DJUHSD, Ayon, Rodriguez, Flores, and Hay seek to dismiss Plaintiff's seventh cause of action for civil conspiracy. (ECF Nos. 13, 15, 20, 21.) Defendant Rodriguez also seeks dismissal Plaintiff's fourth cause of action for sexual harassment under California Civil Code. (ECF No. 15.) Defendant Flores seeks to dismiss all six causes of action brought against her. (ECF No. 20.) Plaintiff opposed all four Motions. (ECF Nos. 22-25.) Defendants DJUHSD, Ayon, Rodriguez, and Flores each submitted replies. (ECF Nos. 26, 28, 29.) The matter is now ripe for review.

## III. LEGAL STANDARD

**A.     Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

4

sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.  Federal Rule of Civil Procedure 12(e)**

Prior to filing a responsive pleading, a party may move under Federal Rule of Civil Procedure 12(e) for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail. *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). Where the complaint is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied. *See Famolare, Inc. v. Edison Bros.*

5

*Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) ("Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted."). Thus, motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

## IV. DISCUSSION

First, the Court will address the cause of action for civil conspiracy as to all five moving Defendants. Second, the Court will address the fourth cause of action for sexual harassment as to Defendants Flores and Rodriguez. Lastly, the Court will address the four remaining causes of action that Defendant Flores seeks to dismiss.

**A.   Seventh Cause of Action: Civil Conspiracy under 42 U.SC. §§ 1983**

Defendants DJUHSD, Ayon, Rodriguez, Flores, and Hay all move to dismiss the seventh cause of action, which alleges a civil conspiracy under 42 U.S.C. §§ 1983, 1988, and California Code of Civil Procedure § 377.30, *et seq.* Defendants DJUHSD and Ayon also moved for a more definite statement as to this claim under Federal Rule of Civil Procedure 12(e).

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

A civil rights conspiracy may be maintained under 42 U.S.C. § 1983. *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988).[1] "A section 1983 civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon

---

[1] 42 U.S.C. § 1988, also invoked in the seventh cause of action, allows a "prevailing party" in a section 1983 action "reasonable" attorney's fees. It does not provide an independent basis for a conspiracy claim.

6

another, and an overt act that results in damages." *Survine v. Cottle*, No. CV F 12-1453 LJO JTL, 2013 WL 1313844, at *7 (E.D. Cal. Apr. 1, 2013). However, to be liable, "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc).

To establish liability for conspiracy, a plaintiff must demonstrate existence of "an agreement or 'meeting of the minds' to violate constitutional rights." *Id.* at 1540-41 (internal citations omitted). The defendants must have, "by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminister*, 177 F.3d 839, 856 (9th Cir. 1999) (internal citation and quotation omitted).

A plaintiff must allege specific facts to support the existence of the claimed conspiracy. *Olsen v. Idaho Bd. of Medicine*, 363 F.3d 916, 929-30 (9th Cir. 2004); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."). Allegations that identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000), and allegations that identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights," *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997), have been held to be sufficiently particular to properly allege a conspiracy.

Defendants challenge Plaintiff's § 1983 conspiracy claim on the grounds that it offers only vague conclusory allegations (ECF Nos. 15, 21) and fails to allege sufficient facts to state a claim (ECF Nos. 13, 15, 20).

To support a conspiracy under § 1983, the Complaint alleges:

**1.** Defendants entered into a "civil conspiracy and agreement" to violate Plaintiff's rights (Compl. ¶ 71);

2. Defendants "conspired to cover up and otherwise enable" Bobby Perigo's conduct (*id.* ¶ 25);

3. Defendants "aided, abetted, approved, ratified, and/or knowingly failed, refused and/or refrained from intervening in or stopping the wrongful [sexual harassment]" and/or "engaged in conduct that was unlikely to have been undertaken without an agreement" (*id.* ¶ 72);

4. Bobby Perigo's conduct would not have persisted absent Defendants' conspiracy (*id.* ¶ 72).

With respect to the individual Defendants' moving to dismiss this action, the Complaint alleges the following:

1. **Marke Rodriguez.** Assistant Principal Marke Rodriguez maintained an office close to Bobby Perigo's work area and "witnessed harassing and abusive behavior directed to minor females including Plaintiff but allowed it to continue" (*id.* ¶ 25);

2. **Rene Ayon.** The Complaint makes no specific factual allegations with respect to Ayon. The Complaint does not allege that Ayon has any connection to Plaintiff, Bobby Perigo, DJUHSD, or other Defendants in the action;

3. **Jean Flores.** Flores was a DJUHSD Board member and an administrator, officer, employee and/or agent of DJUHSD (*id*. ¶ 10);

4. **James Hay.** James Hay was the Assistant Superintendent of the DJUHSD (*id.* ¶ 8).

The facts offered in support of Plaintiff's allegations are insufficient to survive a Rule 12(b)(6) challenge. The Complaint offers only conclusory allegations and formulaic recitations of the elements of a civil conspiracy claim. None of the facts offered with respect to each moving Defendants sheds light on the formation or operation of the alleged conspiracy. *Twombly*, 550 U.S. at 557. Plaintiff fails to allege any specific facts to support their contention that these Defendants entered into an agreement or took any acts in furtherance of such an agreement. Indeed, the Complaint merely identifies the eight

8

Defendants, vaguely describes their roles within DJUHSD, and states in conclusory fashion that they "entered into a civil conspiracy or agreement." (Compl. ¶ 71.) While the Complaint does allege that Defendants "engaged in conduct unlikely to have been undertaken without an agreement," (Compl. ¶ 72) such an allegation is purely conclusory without underlying factual allegations describing the "conduct" in question. Furthermore, the Complaint fails to allege facts to suggest that the purpose of any such agreement was to deny Plaintiff equal protection or equal privileges and immunities. Such "naked assertion[s]" without "further factual enhancement" are insufficient to state a claim pursuant to 42 U.S.C. § 1983. *Twombly*, 550 U.S. at 557; *Fonseca v. City of Fresno*, No. CVF010-147 LJO DLB, 2010 WL 2218828, at *3 (E.D. Cal. June 1, 2010).

The Complaint references California Code of Civil Procedure § 377.30 *et seq.* in connection with the seventh cause of action. This provision deals with the procedures for filing or continuing actions on behalf of a decedent, and bears no apparent relation to the claims set forth in this Complaint. *See* Cal. Code Civ. P. § 377.30 *et seq.*

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's seventh cause of action for civil conspiracy. Because Defendants DJUHSD and Ayon's Rule 12(b)(6) Motion is granted, their Rule 12(e) Motion for a more definite statement is DENIED as moot.

**B.   Fourth Cause of Action: Sexual Harassment under Cal. Civ. Code § 51.9**

Defendants Rodriguez and Flores move to dismiss the fourth cause of action, which alleges sexual harassment under California Civil Code § 51.9. Each Defendant contends that the Complaint fails to allege that he or she engaged in conduct constituting sexual harassment under the statute. (ECF No. 15 at 4-5; ECF No. 20 at 5.) Rodriguez further contends that Plaintiff has not alleged facts to suggest that he aided Perigo or conspired with Perigo in sexually harassing Plaintiff. (ECF No. 15 at 4-5.)

Under California Civil Code § 51.9, a person may be liable for sexual harassment in the context of a business, service, or professional relationship. To state a cause of action under § 51.9, Plaintiff must allege: (1) a business, service or professional relationship existed between the plaintiff and defendant;

(2) the defendant made sexual advances, solicitations, sexual requests, demands for sexual compliance, or other sexual or hostile conduct based on gender that was pervasive or severe; (3) plaintiff was unable to terminate the relationship easily; and (4) the plaintiff suffered or will suffer economic loss or disadvantage or personal injury, including emotional distress. Cal. Civ. Code § 51.9. The relationship between a person and a teacher is explicitly included within the definition of a "business, service, or professional relationship." *Id*. § 51.9(a)(1)(E).

The Complaint does not allege that either Rodriguez or Flores engaged in any sexual or hostile conduct towards Plaintiff. Under California law, a supervisor is not individually liable to third parties for the acts of his or her subordinates. *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996) (citing Cal. Civ. Code § 2351). Therefore, any claim against either individual defendant under § 51.9 must be rooted in a theory of conspiracy or aider and abettor liability. Section 52(b) provides: "[w]hoever denies the right provided by Section . . . 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right." Cal. Civ. Code 52(b).

*Conspiracy*

As discussed above in connection with the seventh cause of action for civil conspiracy under § 1983, Plaintiff has not alleged facts to suggest that Defendants Rodriguez or Flores "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement" with Bobby Perigo or other Defendants. *Gilbrook*, 177 F.3d at 856. Plaintiff relies on the bare allegations that Defendants entered into a conspiracy. (Compl. ¶¶ 25, 72.) Without more, these allegations are insufficient to support Plaintiff's claim that Defendants Rodriguez and Flores conspired with Bobby Perigo to sexually harass Plaintiff.

*Aiding and Abetting*

Under California law, liability may be imposed for aiding and abetting an intentional tort where a defendant (1) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement of the other to so act, or (2) gives substantial assistance to the other in accomplishing a

10

tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (1994); Restatement (Second) of Torts § 876 (1979). In the civil context, "an aider and abettor is called a cotortfeasor," and to be "held liable as a cotortfeasor, a defendant must have knowledge and intent." *Gerard v. Ross*, 204 Cal. App. 3d 968, 983 (1988). Thus, a defendant can be held liable for aiding and abetting "only if [he] knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of that tort." *Id.* (citation omitted).

In *Austin B. v. Escondido Union School District,* the court held that school district employees were not liable as aiders and abettors of preschool instructor's alleged battery of two autistic students, even if they were aware of the alleged tortious conduct and did not take action to prevent it. 149 Cal. App. 4th 860, 879 (2007); *see also Fiol*, 50 Cal. App. 4th at 1326 ("mere failure to act does not constitute the giving of substantial assistance or encouragement to the tortfeasor"); *Campbell v. Feld Entm't Inc.*, No. 12-CV-4233-LHK, 2014 WL 1366581, at *14 (N.D. Cal. Apr. 7, 2014) (holding that failure to stop employees from engaging in intentional torts does not give rise to aider and abettor liability).[2]

Here, the Complaint does not allege any specific facts to suggest that Flores gave substantial assistance or encouragement to Bobby Perigo. With respect to Rodriguez, the Complaint suggests, at most, that Rodriguez was aware of Bobby Perigo's inappropriate conduct and failed to act. (Compl. ¶ 25.) The allegations do not suggest that in failing to act, Rodriguez was intending to facilitate Bobby

---

[2] Some authority suggests knowledge coupled with failure to act may be sufficient. For example, in *Winarto v. Toshiba Am. Elects. Components, Inc.*, 274 F.3d 1276, 1290 n.16 (9th Cir. 2000), the Ninth Circuit noted (in *dicta*) that the record supported a jury's finding that a supervisor who knew of violence committed by one of his subordinates, but failed to address plaintiff's complaints of such violence, aided the person who actually committed the violence). Similarly, in *Schroeder ex rel. Schroeder v. San Diego Unified Sch. Dist.*, No. 07CV1266-IEG (RBB), 2007 WL 4225449, at *7 (S.D. Cal. Nov. 26, 2007), relying on *Winarto*, the district court found that plaintiff stated a claim against a non-harassing supervisor and school district under Cal. Civil Code §§ 51.9, 52, where the complaint alleged the district was made aware that a student was being sexually abused by a peer tutor and failed to take action, including failing to have the victim examined and failing to contact officials or the victim's parent until the day after the assault). Given *Winarto's* procedural posture (review of a jury's verdict) and the fact that the relevant language therein is *dicta*, this Court holds that *Winarto* does not undermine the clear California authority discussed above holding knowledge and failure to act is insufficient for aiding and abetting liability. The Court therefore declines to follow *Schroeder*.

Perigo's tortious conduct. These allegations are insufficient as a matter of law to sustain a claim for aiding and abetting sexual harassment.

The Court therefore GRANTS Defendants Flores and Rodriguez's Motions to Dismiss the fourth cause of action with leave to amend.

## C. Remaining Causes of Action as to Defendant Flores

In addition to the fourth and seventh causes of action discussed above, Defendant Flores moves to dismiss the second, third, fifth, and sixth causes of action. The Court will address each cause of action in turn as they relate to Defendant Flores.

### 1. Second Cause of Action: 42 U.S.C. § 1983, Equal Protection Clause and Title IX

To state a claim under § 1983, plaintiff must allege that: (1) the defendant was acting under color of state law at the time the complained of act was committed; and (2) the defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998).

Plaintiff also must establish causation by demonstrating that each defendant personally was involved in the constitutional violation, or that there was a sufficient causal connection between the defendant's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

An action under § 1983 "does not protect anyone against anything," but "merely provides a mechanism for enforcing individual rights" guaranteed by the Constitution or the laws of the United States. *Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002). Although it is not spelled out explicitly in the Complaint, this Court assumes that gender discrimination forms the basis of Plaintiff's equal protection and Title IX claims. *See Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 73 (1992) (holding that when a teacher sexually harasses and abuses a student, that teacher discriminates on the

12

basis of sex within the meaning of Title IX). Plaintiff advances her § 1983 claim using two independent legal theories: (1) Defendants' conduct violated Plaintiff's right to equal protection under the Fourteenth Amendment of the Constitution, and (2) Defendants' conduct violated Plaintiff's right to be free from sex-based discrimination under Title IX of the Education Amendment Act of 1972, 20 U.S.C. §§ 1681-1688. The relevant inquiry is whether Plaintiff has alleged sufficient facts to show that the defendant, acting under the color of law, intentionally discriminated against her as a member of an identifiable class or that discrimination resulted from defendant's deliberate indifference. *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) (Equal Protection Clause); *Oona R.-S v. McCaffrey*, 143 F.3d 473, 477-78 (9th Cir. 1998) (Title IX).

Supervisory personnel cannot be held liable under § 1983 for the actions of their employees under the theory of *respondeat superior. See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Under § 1983, a defendant can only be held liable for his or her own individual actions. *Iqbal*, 129 S. Ct. at 1948. In the specific context of a school board member's failure to investigate or discipline harassment at school, a defendant acts with deliberate indifference when he or she responds to known harassment in a manner that is clearly unreasonable. *Flores*, 324 F.3d at 1135 (citing *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 649 (1999)); *see also Oona R.-S.*, 143 F.3d at 477-78 ("A supervisor may be found liable under § 1983 if the supervisor is aware of a specific risk of harm to the plaintiff." (internal quotation marks omitted)).

Flores argues that Plaintiff fails to allege a specific act or forbearance taken by her under color of law and that Plaintiff does not allege that Flores knew or had reason to know of the alleged abuse. (ECF No. 20 at 3-4.) Plaintiff does allege, in general terms, that Flores knew or should have known that Bobby Perigo was likely to act inappropriately or to molest students. (Compl. ¶ 20.) The Complaint suggests that, as a board member, Flores should have demanded that all employees, including Perigo, be screened and supervised in a way that would have identified his inappropriate conduct. (Compl. ¶ 21.)

A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (same). Here, Plaintiff does not allege any facts indicating that Flores participated in or directed any specific violations. Indeed, the Complaint does not offer any facts that would plausibly suggest Flores knew of Bobby Perigo's background or propensity for inappropriate conduct with female minors. Moreover, the Complaint's allegations that Flores "should have known" (Compl. ¶ 20) about Bobby Perigo's propensities, even if supported by specific facts, are insufficient because direct participation or knowledge is required. *See, e.g.*, *Gullatt v. Kelso*, No. 2:11-CV-1229 KJN P, 2011 WL 1885711, at *3 (E.D. Cal. May 17, 2011) ("[I]t is insufficient that a defendant was aware, knew or should have known, of some alleged constitutional violation. Plaintiff must provide factual allegations sufficient to plausibly suggest that a defendant 'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"); *Payne v. City of Oakland*, No. C 08-1786 WHA (PR), 2009 WL 585818, at *1 (N.D. Cal. Mar. 4, 2009) (dismissing claims against supervisors where complaint alleged supervisors "should have known" that subordinate was inclined to use excessive force); *Mitchell v. Skolnik*, No. 2:10-CV-01339-JCM, 2010 WL 5056022, at *3 (D. Nev. Dec. 3, 2010) (dismissing supervisor defendants where complaint alleged only that supervisors "knew or should have known" of the alleged constitutional violations by subordinates).

Furthermore, the Complaint fails to plead specific facts to show how Defendant Flores failed to prevent the violations alleged in the Complaint. Indeed, Plaintiff pleads no specific facts at all to connect Flores to the conduct alleged to have caused Plaintiff's injury. *Walsh v. Tehachapi Unified Sch. Dist.*, 827 F. Supp. 2d 1107, 1116-17 (E.D. Cal. 2011) (dismissing plaintiff's § 1983 claim, noting that plaintiff must "allege facts demonstrating that [defendant] through his own actions, discriminated against [plaintiff] or otherwise caused [plaintiff] to be discriminated against."). For example, the Complaint does not allege specific facts regarding DJUHSD's policy or process for screening, hiring,

14

retaining, or training employees, Defendant Flores's role with respect to such a policy or process, whether this policy or process was followed with respect to hiring Bobby Perigo, whether that policy was deficient, whether Flores was aware of such deficiencies, or whether an appropriate policy would have prevented Bobby Perigo's hiring or retention.

Plaintiff's conclusory allegations with respect to Flores are insufficient to state a claim against her. Therefore, Defendant Flores's Motion to Dismiss the second cause of action is GRANTED with leave to amend.

### 2. Third Cause of Action: Unruh Act

Plaintiff's third cause of action alleges that Defendants violated the Unruh Civil Rights Act under California Civil Code § 51 and/or § 51.5. California Civil Code § 51 provides, in general terms, that all persons are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. *Id.*; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). California Civil Code § 51.5 prohibits a business establishment from discriminating against any person because of their sex. The California Supreme Court has explained that the term "business establishment" is intended to be interpreted in the broadest terms possible, *Isbister v. Boys' Club of Santa Cruz, Inc.*, P.2d 212, 214 (Cal. 1985), and this District has held that public schools are business establishments within the meaning of the Unruh Act. *Sullivan v. Vallejo City Unified Sch. Dist.*, 731 F. Supp. 947, 952-53 (E.D. Cal. 1990).

Defendant contends that Plaintiff must plead that she notified school officials of the discrimination and that they refused or failed to take any action in response. (ECF No. at 4.) "The complaint is not only silent on whether Ms. Flores took action of any kind, but also on whether Plaintiff even told anyone at the school." (*Id.*)

The Court agrees that Plaintiff's factual allegations are insufficiently pled. To establish a claim for violation of the Unruh Act, with an exception not relevant to the facts of this lawsuit, a plaintiff must

prove *intentional* discrimination by a business establishment. *Walsh*, 827 F. Supp. 2d at 1123. In other words, a plaintiff must "state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." *Grier v. Brown*, 230 F. Supp. 2d 1108, 1120 (N.D. Cal. 2002) (internal citations and quotations omitted) (dismissing Unruh Act claims where plaintiff pled that defendant "discriminated against them" and "intended to deprive them" of their civil rights, and noting that the Unruh Act and the Equal Protection Clause require the same showing of discriminatory intent). Allegations that a public school (or public school officials) had knowledge of harassment but failed to take action can demonstrate intent for pleading purposes. *See Walsh*, 827 F. Supp. 2d at 1123 (dismissing § 51 and § 1983 equal protection claims against supervisor where plaintiff failed to allege that he had specific knowledge of alleged civil rights violations).

Plaintiff fails to allege facts giving rise to a plausible inference that Defendant Flores acted with the requisite discriminatory intent. In particular, the Complaint does not allege sufficient facts to demonstrate that Defendant Flores: (1) knew of the risk posed by Bobby Perigo, (2) knew that Bobby Perigo was harassing or abusing students at Delano High School while employed by DJUHSD, or (3) knew that DJUHSD's policies or procedures with respect to screening, hiring, training, or retention were insufficient to prevent the civil rights violations alleged by Plaintiff. *Cf. Nicole M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. at 1383, 1389 (N.D. Cal. 1997) (finding that defendant school principal possessed the requisite discriminatory intent for both § 1983 and Unruh Act claims where he was aware that a student was being sexually harassed and chose not to take steps to prevent further abuse).

As mentioned, Plaintiff alleges in conclusory fashion that Defendant Flores "should have known" of Bobby Perigo's previous inappropriate communication and conduct with other minor females. This is insufficient for purposes of an Unruh Act claim, as knowledge is required to show intentional conduct. *See Walsh*, 827 F. Supp. 2d at 1116-18, 1122-23.

The Complaint also alleges that Flores conspired to "cover up or otherwise enable" Bobby Perigo's ongoing sexual harassment and abuse of Plaintiff. (Compl. ¶¶ 20, 25.) Without any allegation

16

of knowledge, the Complaint fails to allege properly that Flores engaged in any intentional cover-up or otherwise intentionally enabled Bobby Perigo's conduct.

Lastly, Plaintiff does not provide factual support for the related contention that Flores's was responsible for developing or implementing inadequate policies or procedures that led to Bobby Perigo's hiring or retention. Plaintiff does not allege any facts regarding what those policies were, why they were inadequate, how Flores was responsible for them, or how they led to Bobby Perigo's hiring and retention. Plaintiff's allegations are conclusory and therefore insufficient as a matter of law.

The Court GRANTS Defendant Flores's Motion to Dismiss the third cause of action with leave to amend.

### 3. Fifth Cause of Action: Breach of Mandatory Duty Pursuant to California Government Code § 815.6

Plaintiff brings state-law clams under California Government Code § 815.6 against Defendants for failing to perform mandatory duties under (1) Title IX, (2) the California Sex Equity in Education Act, (3) California Civil Code § 51.9, (4) the Unruh Civil Rights Act, (5) the California Constitution, (6) the California Child Abuse and Neglect Reporting Act, and (7) the Interagency School Safety Demonstration Act.

By its plain language, California Government Code § 815.6 applies only to public entities. *Id.* ("Where a *public entity* is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the *public entity* is liable for an injury of that kind proximately caused by its failure to discharge the duty." (emphasis added)). The claims under this statute are inapplicable to Defendant Flores as an individual defendant. *See Roberts v. California Dep't of Corr.*, No. 2:13-CV-07461-ODW JC, 2014 WL 1308506, at *6 (C.D. Cal. Apr. 1, 2014) (dismissing claims brought against individual defendant under California Government Code sections 815.2 and 815.6). Therefore, Plaintiff's claim with respect to mandatory reporting against Defendant Flores is

17

dismissed with prejudice. The Court with GRANT Defendant's Motion to Dismiss the fifth cause of action without leave to amend.

### 4. Sixth Cause of Action: Negligence Pursuant to California Government Code §§ 815.2, 815.6, 820

Plaintiff brings state-law claims alleging negligence under California Government Code sections 815.2, 815.6, and 820. Defendant Flores moves to dismiss Plaintiff's claims on the grounds that Plaintiff fails to allege what Defendant Flores did or failed to do that would constitute a breach. (ECF No. 20 at 6.)

As previously noted, California Government Code sections 815.2 and 815.6 apply only to public entities and are not applicable to individual defendants. *See Roberts v. California Dep't of Corr.*, No. 2:13-CV-07461-ODW JC, 2014 WL 1308506, at *6 (C.D. Cal. Apr. 1, 2014) (dismissing claims brought against individual defendant under California Government Code sections 815.2 and 815.6). Therefore, the Court will only consider whether Plaintiff has pled sufficient facts to sustain a negligence claim under California Government Code § 820, which states: "Except as otherwise provided by statute . . . a public employee is liable for injury caused by his act or omission to the same extent as a private person."

Under California law, the elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages). *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009); *Arrieta v. Cty. of Kern*, No. 1:14-CV-00400-LJO, 2014 WL 2801048, at *11 (E.D. Cal. June 19, 2014).

Plaintiff's legal claims are unsupported by factual allegations. This Court cannot determine what specific acts or omissions Plaintiff claims constituted a breach of duty by Flores. The Court therefore GRANTS Defendant Flores's Motion to Dismiss Plaintiff's negligence claim.

## V. **CONCLUSION AND ORDER**

For the reasons stated above:

1) Defendants' Motions to Dismiss the seventh cause of action for civil conspiracy pursuant to 42 U.S.C. §§ 1983, 1988, and California Civil Code § 377.30 (ECF Nos. 13, 15, 20, 21) are GRANTED WITH LEAVE TO AMEND. Defendants DJUHSD and Ayon's 12(e) Motion for a more definite statement is DENIED AS MOOT.

2) Defendants Flores and Rodriguez's Motions to Dismiss the fourth cause of action for violation of California Civil Code § 51.9 (ECF Nos. 15, 20) are GRANTED WITH LEAVE TO AMEND.

3) Defendant Flores's Motion to Dismiss the second cause of action for violation of civil rights pursuant to 42 U.S.C. § 1983 is GRANTED WITH LEAVE TO AMEND.

4) Defendant Flores's Motion to Dismiss the third cause of action for violation of the Unruh Civil Rights Act is GRANTED WITH LEAVE TO AMEND.

5) Defendant Flores's Motion to Dismiss the fifth cause of action for breach of mandatory duty pursuant to California Government Code §§ 815.6 is GRANTED WITHOUT LEAVE TO AMEND.

6) Defendant Flores's Motion to Dismiss the sixth cause of action for negligence pursuant to California Government Code §§ 815.2, 815.6, and 820 is GRANTED WITHOUT LEAVE TO AMEND as to §§ 815.2, 815.6 and GRANTED WITH LEAVE TO AMEND as to § 820.

Plaintiff shall have twenty (20) days from electronic service of this Order to file an amended complaint or give notice that she will stand on the current pleading.

IT IS SO ORDERED.

Dated: **October 5, 2016**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE